# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-048 |
| | * | |
| SAUL EDWARD SAYLORS | * | |

# O R D E R

On Febraury 13, 2017, Defendant Saul Edward Saylors pled guilty to conspiracy to commit robbery of a commercial business, robbery of a commercial business, and carrying, using, and brandishing a firearm during a crime of violence. He was sentenced to a total term of imprisonment of 144 months. He did not appeal his conviction or sentence. On July 17, 2018, Defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which was recently denied on June 27, 2019.

On July 30, 2019, Defendant submitted a letter to the Court which has been docketed as a motion for relief from judgment. Defendant asserts that he may be entitled to relief pursuant to a new rule of constitutional law announced in United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (Jun. 24, 2019). Specifically, in Davis, the United States Supreme Court found that the "residual clause" of 18 U.S.C. § 924(c) is unconstitutionally vague.[1]

---

[1] Section 924(c) imposes a mandatory sentence for a defendant who uses or carries a firearm "during and in relation to any crime of violence." A "crime of violence" under that section is defined as follows:

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. As the Court pointed out, however, Defendant has already filed a § 2255 motion. In order for him to bring another § 2255 motion, Defendant must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). This Court does not have jurisdiction to address Defendant's motion for relief under Davis without such authorization. Accordingly, Defendant's motion for relief from judgment (doc. 152) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of August, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

For purposes of this subsection the term "crime of violence" means an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force" clause], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual" clause].

18 U.S.C. § 924(c)(3). The Davis Court invalidated only the residual clause.