IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CR 116-048 |
| | * |
| SAUL EDWARD SAYLORS | * |

**O R D E R**

On July 25, 2017, Defendant Saul Edward Saylors was sentenced to serve a term of imprisonment of 144 months followed by 5 years of supervised release. Saylors was also ordered to pay restitution in the amount of $420, a fine in the amount of $2500, and a $300 special assessment. (Doc. 93, at 6.)

The Judgment and Commitment Order ("J & C") in this case states that while Saylors is in custody, he shall either pay quarterly installments of **a minimum** of $25 if working non-UNICOR or **a minimum** of 50% of monthly earnings if working UNICOR. (Id. at 7 (emphasis added).) The J & C also provides that the $420 seized by law enforcement from Saylors' co-defendant be applied to their joint and several obligations for restitution. Accordingly, Saylors' restitution obligation has been satisfied. The record also shows that Saylors has paid the special assessment but still owes $2075 toward his fine.

For the last few years, Saylors has paid only $25 or $50 quarterly. Recently, however, the BOP has assessed payments of

$125 per month from Saylors' inmate account. Through his motion, Saylors seeks a court order either staying any payments until he is released from prison or reinstituting the minimum payment schedule set forth in the J & C.[1] (Doc. 220.)

The imposition of a fine may only be modified under three statutory conditions: (1) by application of the Government under 18 U.S.C. § 3573; (2) by application of Federal Rule of Criminal Procedure 35 for correction of sentence or upon motion of the Government; and (3) upon modification following appeal under 18 U.S.C. § 3742. See 18 U.S.C. § 3572(c). None of these circumstances apply to this case.

Upon inquiry of the United States Probation Office, the Court learned that Saylors is a participant in the Inmate Financial Responsibility Program ("IFRP"). The IFRP is a voluntary work program that encourages an inmate to meet his legitimate financial obligations through the development of a financial plan. 28 C.F.R. § 545.10. Participation in the IFRP is voluntary, but refusal to participate carries certain consequences including the loss of various privileges. 28 C.F.R. § 545.11(d). According to BOP Program Statement 5380.08, the IFRP employs a standard formula to

---

[1] Saylors also mentions waiving the fine. 18 U.S.C. § 3572(d)(3) only provides: "A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." See, e.g., United States v. Simmons, 2007 WL 2345246, at *1 (S.D. Ga. Aug. 15, 2007). Thus, while the Court may alter the payment schedule upon showing a change in a defendant's financial circumstances, it cannot eliminate the fine completely. Id.

determine the amount of payments that an inmate should make while incarcerated. The formula considers both an inmate's institution resources (such as wages) **and** his non-institution (community) resources (such as gifts or stimulus payments). Program Statement 5380.08 provides further guidance, instructing the BOP to examine total funds deposited in the previous six months and subtract any IFRP payments made in those same six months and $450. Generally speaking, any money remaining after this computation may be considered by BOP in determining the amount of an inmate's IFRP payment.

In this case, it appears that the BOP's application of its IFRP formula resulted in a higher payment, which has prompted the instant motion. The Court, however, has no authority to adjust the IFRP payment or the formula that the BOP uses. The IFRP is an aspect of Saylors' confinement; a challenge to the implementation of this program is a challenge to the execution of a sentence. Thus, to the extent Saylors wishes to complain about the IFRP payment, he must pursue his claims under 28 U.S.C. § 2241 in the district of his confinement. See Williams v. Pearson, 197 F. App'x 872, 876-77 (11th Cir. 2006); United States v. Warmus, 151 F. App'x 783, 786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement). Even if this Court had jurisdiction over the matter,

3

a § 2241 habeas petitioner must exhaust his administrative remedies prior to filing suit. <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 475 (11th Cir. 2015). Here, there is no evidence that Saylors has attempted to gain review of his IFRP payments through the BOP's administrative process.

For the reasons stated above, this Court cannot afford the relief Defendant Saylors seeks. Accordingly, his motion to adjust his fine payment (doc. 220) is **DENIED**. Of course, Defendant Saylors is free to refuse participation in the IFRP at his own peril. In the meanwhile, the J & C will not be modified, and the Court will defer to the BOP in its consideration and calculation of Defendant Saylors' IFRP payments. Any challenge to the BOP's implementation of the IFRP is not properly before this Court.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of July, 2022.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```